UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0106-CVE |
| ) | |
| ANTHONY DRAKE AHAISSE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to exclude prior convictions for impeachment purposes (Dkt. # 31) under Fed. R. Evid. 609(a)(1)(B), and plaintiff's response thereto (Dkt. # 33).

**I. BACKGROUND**

Defendant was arrested on or about March 23, 2019, after unsuccessfully evading a police officer who attempted to pull defendant over for speeding. Dkt. # 43, at 1. Almost immediately after defendant was taken into custody, law enforcement learned that defendant was a suspect in the murder of Gregory Collins, who had been fatally shot earlier that day. Dkt. # 14. On August 4, 2020, a grand jury returned an indictment charging defendant with three counts: murder in the first degree in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 1111; carrying, brandishing, using, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id. The case is now set for trial. The Court held a pretrial conference on June 3, 2021, at which the pending motion was discussed. The Court now addresses that motion (Dkt. # 31).

## II. DEFENDANT'S MOTION TO EXCLUDE PRIOR CONVICTIONS FOR IMPEACHMENT PURPOSES (Dkt. # 31)

In his motion (Dkt. # 31), defendant argues that plaintiff should not be permitted to use his February 10, 2011 conviction for accessory after the fact to murder in the second degree (Case No. CF-09-3251, Tulsa County) and his April, 29, 2009 conviction for assault and battery (Case No. CM-2009-262, Pottawatomie County) to impeach defendant if he takes the stand.

In response (Dkt. # 33), plaintiff states that it "does not intend to offer evidence of [defendant's] misdemeanor conviction for assault and battery" for impeachment purposes. Defendant's motion as to that conviction is thereby granted by agreement. However, plaintiff argues that defendant's conviction for accessory after the fact to murder in the second degree is admissible for impeachment purposes.

The Tenth Circuit "has long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." United States v. Haslip, 160 F.3d 649, 654 (10th Cir. 1998). Under Fed. R. Evid. 609(a)(1)(B), evidence of a felony conviction may be used to impeach a criminal defendant if the probative value of the evidence outweighs its prejudicial effect. The scope of impeachment under Rule 609(a) is limited to "the essential facts of convictions, the nature of the crimes, and the punishment," and the defendant may not be cross-examined about the details of his prior convictions. United States v. Commanche, 577 F.3d 1261, 1271 (10th Cir. 2009).

"The Tenth Circuit has identified five factors that should be considered before a criminal defendant is impeached with evidence of his prior convictions: (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's

2

testimony; and (5) the centrality of defendant's credibility at trial." United States v. Smalls, 752 F.3d 1227, 1240 (10th Cir. 2014).

A. Consideration of Smalls factors

1. Impeachment value

In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility. "Crimes of violence generally have lower probative value in weighing credibility." United States v. Jessamy, 464 F. Supp. 3d 671, 676 (M.D. Pa. 2020); see also Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967); Furtado v. Bishop, 604 F.2d 80, 93–94 (1st Cir. 1979) (finding convictions for armed robbery, burning a building, and assault and battery were "not particularly probative of credibility"). However, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." United States v. Verner, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) (citing United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir. 1977)).[1]

In this case, defendant's conviction is for accessory after the fact to murder in the second degree, which requires the State to prove beyond a reasonable doubt that defendant:

>First, actively conceals/aids the offender;

>Second, after commission of the felony of [murder in the second degree];

---

[1] This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

>Third, such concealing/aiding must be performed with knowledge that the offender has committed the acts which constitute the felony of [murder in the second degree];
>
>Fourth, such concealing/aiding must be performed with the intent that the offender avoid/(escape from) arrest/trial/conviction/punishment.

Okla. Unif. Jury Instr. Cr. 2-2.

In this case, the crime does appear to involve characteristics that go defendant's capacity for truthfulness, as it requires the concealment of a known offender. The crime is not a crime of violence, which typically is viewed as having little impeachment value. As a result, the Court finds that this factor weighs in favor of admitting the conviction for the purposes of impeachment.

### 2. Temporal Proximity

When evaluating the second factor, the Court considers the temporal proximity of defendant's prior convictions. "Convictions more than ten years old are presumptively excluded . . ." United States v. Caldwell, 760 F.3d 267, 287 (3d Cir. 2014). When a conviction occurred within the ten year time frame "the passage of a shorter period can still reduce [a prior conviction's] probative value." Id. (quoting Wright & Gold, Federal Practice and Procedure § 6134, at 258). "[A] prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." Id.

4

Here, defendant was convicted of his crime in state court on February 10, 2011. He was arrested in this case on or about July 23, 2020. However, it appears that, although defendant was convicted of his crime approximately ten years ago, he has been in custody for a large portion of the intervening time. Given the fact that defendant appears to have been in custody for much of the time after his conviction, the apparent length of time that has lapsed is less indicative of defendant's rehabilitated character. When considered in light of the fact that defendant's prior conviction was not yet ten years old at the time of defendant's indictment, this factor weighs in favor of admissibility.

### 3. Similarity to Charged Crime

The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar. Caldwell, 760 F.3d at 288. The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility. See id; see also United States v. Chaco, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged."); United States v. Willis, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same).

Defendant's conviction for accessory to second-degree murder does not share a single element with the current charged crime. Accessory does not involve the commission of the underlying crime; it merely requires that defendant have concealed that such crime occurred. As a result, the Court finds that these crimes are not similar enough to create prejudicial inferences as to defendant's propensity for violence. Accordingly, this factor weighs in favor of admission.

4. Importance of Defendant's Testimony

In considering the fourth factor, the importance of defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense. See United States v. Cueto, 506 F. Supp. 9, 14 (W.D. Okla. 1979); see also Anna Roberts, Reclaiming the Importance of the Defendant's Testimony: Prior Conviction Impeachment and the Fight Against Implicit Stereotyping, 83 U. Chi. L. Rev. 835, 837 (2016).  If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction.

At the hearing, defense counsel represented that defendant's testimony will be important to establishing his defense, i.e., that he was voluntarily intoxicated.  However, defense counsel also noted that there were a "substantial number" of witnesses who would testify to defendant's intoxication (including defendant's girlfriend and certain relatives he visited that evening).  He also mentioned that physical evidence (e.g., liquor bottles found in defendant's vehicle) would corroborate that testimony.

Next, the Court must assess the likelihood this testimony will be chilled by allowing plaintiff to impeach defendant by prior conviction.  Defendant's prior conviction for accessory after the fact to murder second degree is not inherently prejudicial (here, meaning that it is not particularly heinous on its face); however, the Court notes that the prior conviction, like one of the charged crimes, does involve a murder.  Because those crimes are evocative of one another, defendant will likely waive his right to testify to avoid the high likelihood that the jury will associate him with a prior murder unrelated to the one with which he is charged.  As a result, this factor weighs against

admission of the prior conviction, as it is likely to prejudice the defendant by associating him with an unrelated murder.

### 5. Centrality of Defendant's Credibility.

When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if the defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." Caldwell, 760 F.3d at 288 (quoting Wright & Gold, Federal Practice and Procedure § 6134, at 256); see also Jessamy, 464 F. Supp. 3d at 676–77.

At the hearing, defense counsel represented that defendant's testimony regarding his voluntary intoxication will be corroborated by a "substantial number" of witnesses, in addition to physical evidence found in defendant's vehicle, thus decreasing the need for impeachment evidence. However, defense counsel also represented that defendant is purportedly the only person who will be able to explain his actions on that evening. Plaintiff agreed with that statement, and further added that plaintiff intends to present evidence the defendant was not intoxicated on that night in question.

In light of the above, defendant's main defense is not merely "a swearing contest," but will be both bolstered, and refuted, by the parties' other evidence. As a result, defendant's credibility in this case is not the deciding factor. When considering the presence of corroborating evidence, this factor weighs slightly against of admission of defendant's prior convictions. However, when considering the materiality of the issue, the needle is moved back to neutral.

B. Rule 609(a)(1)(B) Balancing

After the court has reviewed the five factors set forth in Smalls, the dominant inquiry becomes whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect. Under Fed. R. Evid. 609(a)(1)(B), if the probative value of the conviction outweighs its prejudicial effect, then impeachment by prior conviction is appropriate. After reviewing the Smalls factors, the Court finds that although the first, second, and third factors favor admission of defendant's prior conviction for accessory to murder in the second degree, the remaining factors indicate that the probative value of impeachment by conviction does not outweigh the prejudicial effect of admission. The Court finds that the substantial prejudicial effect of the fourth factor cannot be overcome by the probative value of the other factors. Fundamentally, associating defendant with a prior murder while on trial for an entirely unrelated murder would be wholly inappropriate in this instance, especially in light of the fact that no other factors indicate there would be strong probative value in the admission.

Given those facts, the Court finds the potential prejudicial effect is not outweighed by the probative value of impeachment. This is especially the case given that defendant intends to stipulate to the fact that he has a prior felony conviction. Accordingly, defendant's motion in limine as to the use of prior convictions to impeach is denied.

However, the Court notes that this ruling does not restrict plaintiff from cross-examining defendant about such convictions should defendant open the door to them while testifying at trial. "A defendant has no right to avoid cross-examination into the truth of his direct examination, even as to matters not related to the merits of the charges against him." United States v. Payton, 159 F.3d 49, 58 (2d Cir. 1998). "Where a defendant testifies on direct about a specific fact, the prosecution

is entitled to prove on cross-examination that he lied as to that fact." United States v. Beverly, 5 F.3d 633, 639–40 (2d Cir. 1993); see also United States v. Mesbahuddin, 10–CR–726, 2011 WL 3841385, at *2 (E.D.N.Y. Aug. 26, 2011) (Garaufis, J.) (allowing plaintiff to cross-examine defendant regarding the "underlying facts" of a prior conviction where defendant opened the door by testifying "in a manner that contradicts his criminal history"). Accordingly, to the extent defendant testifies in a manner that contradicts his previous convictions and thereby "opens the door," plaintiff is permitted to cross-examine defendant regarding those facts.

**IT IS THEREFORE ORDERED** that defendant's motion to exclude prior convictions for impeachment purposes (Dkt. # 31) is **granted**.

**DATED** this 4th day of June, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE