UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CR-0106-CVE |
| | ) | |
| ANTHONY DRAKE AHAISSE, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Now before the Court are three pending motions in limine and responses: defendant's motion in limine regarding statement (Dkt. # 42), and plaintiff's response (Dkt. # 53); defendant's motion in limine regarding spitting (Dkt. # 43), and plaintiff's response (Dkt. # 51); and plaintiff's motion in limine for Court to take judicial notice regarding Indian status of victims [sic - defendant][1] and location of the crimes (Dkt. # 47), and defendant's response (Dkt. # 49).

Defendant was arrested on or about March 23, 2019, after unsuccessfully evading a police officer who attempted to pull defendant over for speeding. Dkt. # 43, at 1. Almost immediately after defendant was taken into custody, law enforcement learned that defendant was a suspect in the murder of Gregory Collins, who had been fatally shot earlier that day. Dkt. # 14. Defendant was subsequently transported to the Tulsa Police Department's detective division. Id. Upon arrival, police reports indicate that defendant became combative, and attempted to spit on the officers who had custody of defendant. Dkt. # 43, at 2.

---

[1] For clarity, the title of plaintiff's motion states plaintiff requests the court to take judicial notice of "victims" Indian status, but the motion does not discuss the only victim in this case, Gregory Collins. Instead it asks the Court to take judicial notice of defendant's Indian status.

On August 4, 2020, a grand jury returned an indictment charging defendant with three counts: murder in the first degree in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 1111; carrying, brandishing, using, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii); and being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt. # 14. The case is now set for trial. The Court held a pretrial conference on June 3, 2021, at which the pending motions in limine were discussed. The Court now addresses the three motions.

**I. DEFENDANT'S MOTION IN LIMINE REGARDING STATEMENTS (Dkt. # 42)**

In defendant's motion in limine regarding statement (Dkt. # 42), defendant seeks to exclude as hearsay under Fed. R. Evid. 801 certain testimony of deceased's mother. Defendant contends that the deceased's mother intends to testify that "the [deceased] told her about the [defendant] threatening to kill him." Dkt. # 42, at 1.

In response (Dkt. # 53), plaintiff argues that the statement is admissible under Fed. R. Evid. 804(b)(6). Plaintiff argues that a "defendant may be deemed to have waived his or her Confrontation Clause rights (and, a fortiori, hearsay objections) if a preponderance of the evidence establishes that he or she participated directly in planning or procuring the declarant's unavailability through wrongdoing." Dkt. # 53, at 2 (citing United States v. Cherry, 217 F.3d 811, 820 (10th Cir. 2000)). Plaintiff states that defendant procured the deceased's unavailability by shooting and killing him. Plaintiff argues the Court should defer ruling on this matter until it has the opportunity to show by a preponderance of the evidence that defendant shot and killed the deceased. Dkt. # 53, at 2.

A statement is hearsay if "(1) the declarant does not make [the statement] while testifying at the current trial or hearing; and (2) a party offers [that statement] in evidence to prove the truth

2

of the matter asserted in the statement." Fed. R. Evid. 801. However, Rule 804(b)(6) provides that "[a] statement offered against a party that wrongfully caused—or acquiesced in wrongfully causing—the declarant's unavailability as a witness, and did so <u>intending that result</u>" may be admitted against that party as an exception to Rule 801. Fed. R. Evid. 804(b)(6) (emphasis added). In <u>Giles v. California</u>, 554 U.S. 353 (2008), the Supreme Court found that "[e]very commentator we are aware of has concluded the requirement of intent 'means that the exception applies only if the defendant has in mind the particular purpose of making the witness unavailable.'" 554 U.S. at 367 (citing authorities). The Court emphasized that, "[i]n cases where the evidence suggested that the defendant had caused a person to be absent, but had not done so to prevent the person from testifying—as in the typical murder case involving accusatorial statements by the victim—the testimony was excluded unless it was confronted or fell within the dying-declarations exception." <u>Id.</u> at 361–62.

In this case, plaintiff has made no effort to introduce, or even allude, to any evidence of defendant's intent to keep deceased from testifying in this or any other matter. As no evidence of any such intent has been produced, or even mentioned, the Court finds that the deceased's statement

to his mother is not admissible under Rule 804(b)(6).[2] Defendant's motion to exclude her statement (Dkt. # 42) is granted.

## II. DEFENDANT'S MOTION IN LIMINE REGARDING SPITTING (Dkt. # 43)

Defendant's second motion in limine (Dkt. # 43) seeks to exclude reference to "any and all evidence related to [d]efendant's alleged spitting and/or combative behavior" while he was being taken into the detective division. Dkt. # 43, at 1. Defendant seeks to bar plaintiff from presenting evidence as to defendant's conduct on the grounds that it is irrelevant under Fed. R. Evid. 401 and prejudicial under Fed. R. Evid. 403. Id. at 2-3.

Plaintiff responds (Dkt. # 51), that "[d]efendant's conduct at the time of his arrest, including his combative behavior with law enforcement, is highly relevant" and should not be excluded. Specifically, plaintiff states that "officers' first hand observations of [d]efendants speech, balance,

---

[2] Proving all elements is paramount. In Giles, the Court notes that "[t]he notion that judges may strip the defendant of a right that the Constitution deems essential to a fair trial, on the basis of a prior judicial assessment that the defendant is guilty as charged, does not sit well with the right to trial by jury. It is akin, one might say, to 'dispensing with jury trial because a defendant is obviously guilty.'" Id. at 365 (citing Crawford v. Washington, 541 U.S. 36, 62 (2004)); see also United States v. Lentz, 282 F. Supp. 2d 399 (E.D. Va. 2002), aff'd, 58 F. App'x 961 (4th Cir. 2003) ("Defendant is presumed to be innocent until proven guilty. To hold otherwise would be to deprive a defendant of his right to a jury trial and allow for a judge to preliminarily convict a defendant of the crime on which he was charged. This Court is unwilling to extend the reasoning in Rule 804(b)(6) to allow in the testimony of a decedent victim for whose death a defendant is on trial."). Accordingly, while courts have found the deceased's testimony admissible in a trial in which defendant is charged with the deceased's murder, the Court notes that such a determination is a delicate one requiring more than cursory statements. See, e.g., United States v. Jackson, 706 F.3d 264, 267 (4th Cir. 2013) (admitting deceased statements only after finding plaintiff demonstrated defendant's motivation to prevent deceased from testifying was a "precipitating" and "substantial" reason for the murder).

posture, and odor would all be relevant if the [d]efendant offers the defense of voluntary intoxication." Dkt. # 51, at 1-2. Plaintiff asserts it should be permitted to question law enforcement about their first-hand observations of defendant's "speech, balance, posture, and odor." Id.

At the pretrial conference, the Court inquired further as to the underlying rationales for the motion and response. Defense counsel stated he believed reference to defendant's spitting, specifically, was highly prejudicial and should be excluded, but he also stated that references to defendant's combative behavior should also be excluded as prejudicial. Plaintiff and defendant agreed that both parties would be allowed to question witnesses about their personal observations of defendant's "speech, balance, posture, and odor" without reference to spitting. In light of the parties' pleadings and agreements at the pretrial conference, defendant's motion to exclude references to defendant's spitting in plaintiff's case-in-chief (Dkt. # 43), is granted by agreement.

The Court also finds, preliminarily, that generic questions about observations of combativeness may be allowed insofar as they are relevant to defendant's defense of voluntary intoxication. The motion (Dkt. # 43) is denied as to combative behavior.

### III. PLAINTIFF'S MOTION IN LIMINE FOR COURT TO TAKE JUDICIAL NOTICE (Dkt. # 47)

In this motion (Dkt. # 47), plaintiff asks the Court to take judicial notice of two facts, pursuant to Fed. R. Evid. 201(b)(2). Judicially-noticed facts are those that can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive. Fed. R. Evid. 201(f).

**A.**

First, plaintiff asks that the Court "take judicial notice of the fact that [defendant] has admitted that the alleged crimes forming the basis of the [i]ndictment occurred in Indian [c]ountry." Dkt. # 47, at 3. "As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." United States v. Roberts, 185 F.3d 1125, 1139 (10th Cir. 1999) (citing United States v. Hernandez–Fundora, 58 F.3d 802, 812 (2d Cir.1995); United States v. Warren, 984 F.2d 325, 327 (9th Cir. 1993)). A trial court acts appropriately "when it makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." United States v. Roberts, 185 F.3d 1125, 1139 (10th Cir. 1999); see also United States v. Deon, 656 F.2d 354 (8th Cir.1981) (finding jury instructions that state, as a matter of law, that a certain location is in Indian country are appropriate).

However, plaintiff here does not ask that the Court instruct the jury regarding what is and is not within Indian Country. Instead, plaintiff asks that the Court go one step further and take judicial notice of the fact that defendant's crimes occurred in Indian country. Plaintiff asserts that, because defendant stated that his crimes occurred in Indian country in his motion to dismiss his prior state court case, the Court should take judicial notice of that statement as fact in the instant action. Dkt. # 47, at 3.

The Court will not take judicial notice of this fact. Although the state court judge found that the State did not meet its burden to establish that the crimes occurred within the state court's jurisdiction, that does not mean that plaintiff may benefit from the State's failure so as to allow this Court to take judicial notice of the fact that the alleged crimes took place in Indian country. The Court notes that plaintiff may be able to offer the pleading as admissions under Fed. R. Evid. 801;

however, at this juncture, the Court will not take judicial notice of defendant's motion to dismiss in state court as proof of the fact that the crimes occurred in Indian country.

**B.**

Second, plaintiff also asks the Court to take judicial notice of the fact that defendant is an Indian male. "To find that a person is an Indian the court must first make factual findings that the person has 'some Indian blood' and, second, that the person is 'recognized as an Indian by a tribe or by the federal government.'" United States v. Prentiss, 273 F.3d 1277, 1280 (10th Cir. 2001); United States v. Keys, 103 F.3d 758, 761 (9th Cir. 1996) (same test); United States v. Torres, 733 F.2d 449 (7th Cir. 1984) (same). "A person satisfies the definition only if both parts are met . . ." United States v. Diaz, 679 F.3d 1183, 1187 (10th Cir. 2012). "Evidence a person has an Indian tribal certificate that includes the degree of Indian blood, or membership in a tribe that will not accept members without a certain degree of consanguinity, however, has been held to satisfy the Prentiss test." United States v. Diaz, 679 F.3d 1183, 1187 (10th Cir. 2012).

Plaintiff argues that taking judicial notice of defendant's status as an Indian male is appropriate as it follows non-binding Tenth Circuit case law, in which a district court took judicial notice that the defendant in a different case had admitted "with counsel before a Court, . . . . under oath and under penalty that he is an Indian person." United States v. Nowlin, 555 F. App'x 820, 824 (10th Cir. 2014).[3]  Plaintiff also argues that defendant's statements in his court filings constitute admissions, and therefore are not hearsay, and may be offered into evidence for the truth of the matter asserted (i.e., that defendant is an Indian male).

---

3   This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Defendant argues that such admissions in a state court motion to dismiss are substantially different from those judicially noticed in Nowlin, and that the Court should not take notice of those statements for that reason. Specifically, defendant states that, unlike the defendant in Nowlin, he was not under oath when making statements relating to his Indian status in his motion to dismiss. Defendant states that the representation that he was an Indian male was merely made because it was a "nonfrivolous" argument. Defendant represents to the Court that those statements were made for the purposes of argument, and that the representations made to the state court may not be relied upon for the truth of the matter. Dkt. # 49, at 1-2.

The Court finds that it does not need to rely on defendant's statements in his motion to dismiss his prior state court proceeding, as that motion is accompanied by an exhibit that would prove the fact that defendant is an Indian, if appropriately authenticated and admitted into evidence. That exhibit is an enrollment verification statement from the Seminole Nation. The exhibit states that defendant is an enrolled member of the Seminole tribe, and that he contains a quantum of Indian blood. Dkt. # 47-2. Admission of this document, in an authenticated form, would prove defendant's tribal enrollment. Further, defendant's status as an enrolled member of a tribe would thus be admissible without the need to reference defendant's prior criminal proceeding and without the need to examine the arguments presented by defendant regarding the veracity of his own arguments made in his motion to dismiss in state court. The parties are encouraged to offer such enrollment verification to the Court as a joint exhibit. Alternately, parties may stipulate to defendant's status.

**IT IS THEREFORE ORDERED** that defendant's motion in limine (Dkt. # 42) is **granted**; defendant's motion in limine (Dkt. # 43) is **granted** by agreement as to spitting and **denied** as to

defendant's combative behavior and witness personal observation of speech, balance, posture, and odor.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine for Court to take judicial notice regarding Indian status of victims [sic - defendant] and location of the crimes (Dkt. # 47) is **denied.**

**DATED** this 4th day of June, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE